IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW WIERSMA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE VILLAGE OF MELROSE PARK, ) | Case No. |
| ILLINOIS, a municipal corporation; ) | JURY TRIAL DEMANDED |
| MELROSE PARK POLICE OFFICERS ) | |
| A; B; C; and D, all in their individual and) | |
| official capacities, ) | |
| Defendants. ) | |

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, INJUNCTIVE RELIEF,
DECLARATORY JUDGMENT, AND DAMAGES

Plaintiff, by his undersigned counsel, complains against Defendants as follows:

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 challenging the actions of Defendant Village of Melrose Park, Illinois (hereafter, "Melrose Park") and its agents, Officers A, B, C, and D, with respect to Plaintiff's expressive activities on the public ways of Melrose Park. Plaintiff seeks a declaration that the Defendant Officers actions in seizing him and his camera as signs while he peacefully handed out leaflets on a public sidewalk, driving him to another municipality, and dropping him off, damaging his property, violates the First and Fourth and Fourteenth Amendments to the United States Constitution, and a permanent and preliminary injunction prohibiting Melrose Park from doing such acts again.

2. In addition to declaratory and injunctive relief, Plaintiffs seek nominal damages for the past violations of their First Amendment rights.

3. Plaintiff is a resident of Wheaton, Illinois (DuPage County).

4. Defendants are a municipality in Cook County, Illinois, and 4 of its police officers.

5. On January 15, 2019, Plaintiff went to the public sidewalk in front of Walther School intending to hand out Christian pro-life literature and engage in conversation with willing students and parents about the dangers and evil of abortion and the Biblical basis for such beliefs.

6. Soon after Plaintiff began this, a school principal (name unknown), approached Plaintiff telling him he had to cross the street to do his evangelism or he would be arrested. He was soon joined by a student who, with the principal, battered Plaintiff and then tried to accuse Plaintiff of battering them.

7. Another school official told Plaintiff he could not continue his leafletting on the public sidewalk adjacent to the school, claiming it was private property, though such would have been further away from his intended audience. Plaintiff did not block any ingress or egress of traffic, and many parents and students were interested in the literature he was offering.

8. Plaintiff refused to leave, asserting his First Amendment right to leaflet on public sidewalks, and the 4 Defendant Police Officers were called and arrived on the scene, concurring with the school officials, claiming Plaintiff needed a permit to conduct his first amendment activities on the public sidewalk, and disparaging Plaintiff for his beliefs and expression of the same.

9. Soon after, the 4 officers seized Plaintiff, took his camera and his signs and other property, put him in a police car, and drove him to Maywood, Illinois, disparaging the content of his beliefs as they drove him, and eventually they released him but kept his camera.

10. Plaintiff returned to the police station to file a complaint and to retrieve his

camera.

# FIRST CAUSE OF ACTION
### Violation of the rights of Freedom of Religion, Speech and of the Press Under the First Amendment to the U.S. Constitution

11. Plaintiff re-alleges and incorporate by reference the allegations in paragraphs 1-10 above.

12. The public ways and sidewalks where Plaintiff was and was told to leave are traditional public fora.

13. Plaintiff's pro-life political and religious speech lies at the core of the First Amendment.

14. Defendants' directives against Plaintiff's religious speech on the public sidewalk, and disparaging of the same based on its content, and retaliation against Plaintiff for asserting his rights, violates the First Amendment on its face and as applied because it prohibits speech and expressive activities of Plaintiff and third parties not before the Court in the allegedly restricted areas, which are traditional public fora.

15. Insofar as the Defendants are trying to restrict all speech on public sidewalks adjacent to schools, such a directive is overbroad on its face and as applied because it prohibits speech in areas outside of all schools, even those that have had no expressive activities or difficulties of any kind in the past or that are unrelated to abortion.

16. The Defendants' directive is overbroad on its face and as applied because it prohibits most First Amendment protected leafleting, which is directed towards recipients who have neither given nor refused consent.

17. Because the the aforementioned directive is an unconstitutionally overbroad restriction on expressive activity, it restricts more speech than necessary to achieve any

governmental interest.

18. The directive is an unconstitutional content-based restriction on speech because it targets certain categories of speech; that is, passing a leaflet or handbill, displaying a sign, or engaging in oral protest, education, or counseling.

19. The directive is an unconstitutional content- and viewpoint-based restriction, because it was applied so as to restrict pro-life speech, as evidenced by the disparaging remarks the Defendant Officers made about the content of Plaintiff's speech while detaining and transporting him in the police car.

20. The directive discriminates on its face and as applied against Plaintiff and others by prohibiting them from engaging in speech and other expressive activities in traditional public fora based solely upon the pro-life content and viewpoint of their speech.

21. The directive is an unconstitutional content- and viewpoint-based restriction on expression because it requires government officials, pursuant to unbridled discretion, to determine what speech and speakers within Melrose Park are restricted on public sidewalks.

22. The directive is an unconstitutional content-based restriction on expression because it unlawfully discriminates based on the content of the message conveyed. Public expression concerning labor relations free of government regulation under the Illinois Labor Dispute Act, 820 ILCS 5/1 – 1.5, and therefore speech related to labor relations is exempted, while speech related to abortion is severely restricted.

23. No compelling, substantial, or even legitimate governmental interest exists to justify the directive's restrictions on speech in traditional public fora.

24. The directive is not the least restrictive means to accomplish any permissible purpose sought to be served by Melrose Park, and it restricts substantially more speech than necessary.

25. The directive is not narrowly tailored to serve any asserted interest of Melrose Park.

26. Plaintiff's effective communication of his message requires a personal approach to persons on the public ways, and the directive completely forecloses this method of communication.

27. Plaintiff has no adequate remedy at law for the violation of his federal constitutional rights.

WHEREFORE, Plaintiff respectfully prays that the Court grant the relief set forth hereinafter in the prayer for relief.

## SECOND CAUSE OF ACTION
### Violation of Due Process under the Fourteenth Amendment to the U.S. Constitution

28. Plaintiff re-alleges and incorporate by reference the allegations in paragraphs 1-10 above.

29. The Defendants' directive against Plaintiff's presence and speech on the public sidewalk is an unconstitutionally vague restriction on speech on its face and as applied because it fails to adequately advise, notify, or inform persons subject to prosecution under its terms of its requirements, including the requirement as to what activities constitute an unlawful approach to persons (many of whom are willing to be approached) and what is a public easement.

30. The directive is an unconstitutionally vague restriction on speech on its face and

as applied because it fails to provide fair notice and warning to individuals as to when and under what circumstances the consent requirement applies and is satisfied.

31. The directive is unconstitutionally vague because it lacks any standards or criteria to guide those charged with enforcing it and thus gives government officials unbridled discretion to determine which speech activities are, and which are not, permissible.

32. The directive is an irrational and unreasonable policy, which imposes irrational and unreasonable restrictions on the exercise of Plaintiff's constitutional rights.

33. Melrose Park does not have a compelling, or even rational, reason to prevent Plaintiff from engaging in his constitutionally protected speech and expressive activities.

34. The directive violates Plaintiff's due process rights on its face and as applied in violation of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff respectfully prays that the Court grant the relief set forth hereinafter in the prayer for relief.

**THIRD CAUSE OF ACTION**
**Violation of the Fourth Amendment to the U.S. Constitution: False Arrest, Unlawful Detention**

35. Plaintiff re-alleges and incorporate by reference the allegations in paragraphs 1-10 above.

36. Plaintiff illegally seized the person and property of Plaintiff and detained him in the police car, and transported him to another municipality without probable cause or reasonable suspicion to believe he was committing a crime.

37. Defendants' actions violate Plaintiff's Fourth Amendment rights facially and as applied.

WHEREFORE, Plaintiff respectfully prays that the Court grant the relief set forth

hereinafter in the prayer for relief.

## FOURTH CAUSE OF ACTION
## Battery

38. Plaintiff re-alleges and incorporate by reference the allegations in paragraphs 1-10 and 35-37 above.

39. Defendants effected an offensive touching of Plaintiff when they seized him and placed him in a police car and transported him to Maywood, which was unwarranted by his peaceful First Amendment activity on a public easement.

WHEREFORE, Plaintiff respectfully prays that the Court grant the relief set forth hereinafter in the prayer for relief.

## FIFTH CAUSE OF ACTION
## False Imprisonment

40. Plaintiff re-alleges and incorporate by reference the allegations in paragraphs 1-10 and 35-39 above.

41. Defendants falsely imprisoned and detained Plaintiff by seizing him and placing him in a police car and transporting him to Maywood, detaining him for at least 15 minutes against his will, leaving him no way to escape such imprisonment, which was unwarranted by his peaceful First Amendment activity on a public easement.

WHEREFORE, Plaintiff respectfully prays that the Court grant the relief set forth hereinafter in the prayer for relief.

## SIXTH CAUSE OF ACTION
## Local Government Immunity

42. Plaintiff re-alleges and incorporate by reference the allegations in paragraphs 1-41 above.

The acts of the Defendant-Officers Stovall and Rogus described in the above claims were willful and wanton, and committed in the scope of employment.

43. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant Village of Melrose Park is liable for any judgments in this case arising from the individual Defendants' actions.

WHEREFORE, Plaintiff demands judgment against all Defendants as well as compensatory, nominal, and exemplary damages and attorney's fees pursuant to 42 U.S.C. §1988 and any and all other applicable statutory provisions, and for any and all other relief this Court deems just.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,
s/Jason R. Craddock
Jason R. Craddock
Attorney at Law
5901 N. Cicero, Ste. 201
Chicago, IL 60646
Phone: 708-946-4973
Fax: 844-226-4781
Email: craddocklaw@icloud.com
